# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AMAL KHOURI, LEIDALIA R. KHOURI<br><br>　　　　Plaintiffs,<br>　vs.<br><br>JPMORGAN CHASE & COMPANY, et al.<br><br>　　　　Defendants. | Case No.: 2:12-cv-01209-GMN-GWF<br><br>**ORDER** |

## INTRODUCTION

Before the Court is Plaintiffs' Motion for Temporary Restraining Order or Preliminary Injunction which was filed in state court before removal to this Court entitled "Motion to Establish an Injunction Prohibiting Default and Sale of Real Property Under Notice of Default Under the Matter Can be Heard on the Merits." (Injunction Motion, Ex. B attached to Notice of Removal, ECF No. 1–2.) Defendant JPMorgan Chase & Company filed a Petition for Removal on July 9, 2012 before the state court could hold a hearing or issue a ruling on Plaintiffs' motion. (*See* Pet. for Removal, ECF No. 1.) Defendant then filed a Response to Plaintiffs' motion on July 10, 2012. (Response, ECF No. 5.)

Plaintiffs request that this Court prohibit Defendants from "removing Plaintiffs from the residence at issue herein, pending discovery in this matter." (Injunction Motion, Ex. B pg. 35, ECF No. 1–2.) Plaintiff, Leidalia R. Khouri purchased the property located at 9128 Landons Point Court, Las Vegas, Nevada 89148 on or about July 27, 2007 ("the

Property"). (Grant, Bargain, Sale Deed, Ex. C attached to Response, ECF No. 5–3.) Leidalia Khouri refinanced the original loan in September 2007. (*See* Deed of Trust, Ex. F attached to Response, ECF No. 5–6.) She defaulted on her loan in January 2009.[1] (*See* Notice of Default, Ex. K attached to Response, ECF No. 5–11.) On February 29, 2012, a trustee's sale was conducted, and the Property was sold to the highest bidder. (*See* Trustee's Deed Upon Sale, Ex. V attached to Response, ECF No. 5–22.)

Plaintiffs' Complaint alleges ten (10) causes of action against Defendants including: (1 & 2) Fraud; (3) Failure to Comply with RESPA Rules; (5) Failure to Comply with "Fair Debt Collection Act;" (6) Fraudulent Assignment; (7) Notary Fraud; (8) For Cancellation of Instrument; (9) Quiet Title; (10) Preliminary and Permanent Injunction; (11) Breach of Implied Covenant of Good Faith and Fair Dealing. (Plaintiffs skip four when naming their causes of action resulting in a discrepancy in the numbering.)

## DISCUSSION

**A.    Legal Standard**

Under Fed. R. Civ. P. 65(b), plaintiffs must make a showing that immediate and irreparable injury, loss or damage will result to plaintiff if the order is not issued to support their motion for a temporary restraining order. Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001) ("The standard for issuing a preliminary injunction is the same as the standard for issuing a temporary restraining order."). The temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing

---

[1] Leidalia R. Khouri conveyed the Property to her daughter, Plaintiff Amal Khouri on or about July 30, 2008.

irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A TRO or PI may therefore be issued if a plaintiff establishes: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, "serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir.2011).

**B.     Likelihood of Success on the Merits**

Having reviewed Plaintiffs' motion, the Court finds that Plaintiffs have failed in their burden to establish that they are likely to succeed on the merits or even that there are serious questions going to the merits of the case.

Plaintiffs argue that Defendants violated RESPA, 12 U.S.C. Section 2605, for failing to respond to their Qualified Written Request (QWR). "A QWR is an inquiry sent by the borrower to the servicer of a mortgage seeking information pertaining to the mortgage." *Smith v. Bank of America N.A.*, Case No. 2:11-cv-01313-KJD-RJJ, 2012 WL 1944821, *2, (D.Nev. May 30 2012). Among other things, a QWR must include a "statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii). Plaintiff Leidalia Khouri sent Chase a document entitled "Affidavit of Fact" that demands that Chase "cancel the

existing loan since the loan is invalid with no legal standing." (*See* Affidavit of Fact, Ex. 6 attached to Complaint, ECF No 1–2.)  The document also demands that the "original note" with "wet signature" be produced.  These are not questions that provide details regarding why the account is in error, such that the servicer has the ability to correct it.  Instead these are demands that do not appear to constitute a valid QWR for information pursuant to RESPA.

Plaintiffs also argue that relief should be granted because the Note and Deed of Trust have been separated.  This argument has been repeated rejected by this Court. *See, e.g.*, *Vega* v. *CTX Mortg. Co., LLC*, 761 F. Supp. 2d 1095 (D. Nev. 2011); *Parker v. Greenpoint Mortgage Funding Inc.*, 2011 WL 2923949, *2 (D.Nev. July 15, 2011). The Ninth Circuit similarly rejected any contention that the note and deed of trust are irreparably split because of MERS' designation as nominee beneficiary, and noted that, even if MERS were a sham beneficiary, the lender would still be entitled to repayment. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043–1044, 1047 (9th Cir. 2011).

Plaintiffs then argue that Chase must show the Note to provide proof of ownership and that the Defendant who recorded the Notice of Default was not a duly appointed successor trustee at the time the Notice was recorded.  There is no requirement for Defendants to produce the original Note before they commence a nonjudicial foreclosure proceeding in Nevada. *See Ernestberg v. Mortgage Investors Group*, Case No. 2:08-cv-01304-RCJ-RJJ, 2009 WL 160241, *4–5 (D.Nev. January 22, 2009).  Also Plaintiffs' argument that the successor trustee was substituted after the Notice of Default was recorded is not supported by the documents attached to their Complaint.  Plaintiffs' claim the substitution of trustee was executed on April 28, 2009 (without citing to where this document can be found).  Attached to Plaintiffs' complaint as Ex. 4 is the Notice of

Default which shows it was recorded on May 18, 2009. (*See* ECF No. 1–2.) Attached to the complaint as Ex. 9 is the Substitution of Trustee which shows Cal-Western being substituted as the trustee on May 12, 2009. (*See id.*) Therefore Plaintiffs' own evidence does not support their argument.

Plaintiffs finally argued that they were never offered the opportunity to enter mandatory mediation authorized under Nevada Law. However, AB 149, which amended Chapter 107 of the Nevada Revised Statutes creating the mediation program did not go into effect until July 1, 2009, several months after the Notice of Default was recorded to initiate the non-judicial foreclosure proceeding. Assembly Bill No. 149 sec. 4 (NV. 2009).

Any additional argument Plaintiffs made regarding their likelihood of success on the merit are too vague for the Court to find them meritorious at this point. Accordingly, the Court denies Plaintiffs' motion.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Temporary Restraining Order or Preliminary Injunction which was filed in state court before removal to this Court entitled "Motion to Establish an Injunction Prohibiting Default and Sale of Real Property Under Notice of Default Under the Matter Can be Heard on the Merits" (Injunction Motion, Ex. B attached to Notice of Removal, ECF No. 1–2) **IS DENIED.**

DATED this 13th day of July, 2012.

_____
Gloria M. Navarro
United States District Judge