# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AMAL KHOURI & LEIDALIA KHOURI, ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> JPMORGAN CHASE & CO., a Washington ) <br> corporation, CCSF, LLC dba GREYSTONE ) <br> FINANCIAL GROUP, MORTGAGE ) <br> ELECTRONIC REGISTRATION SYSTEMS ) <br> (MERS), CAL-WESTERN RECONVEYANCE ) <br> CORP., DOES I-X, and ROE CORPS. I-X, ) <br> ) <br> Defendants. ) <br> ) | Case No.2:12-cv-1209-GMN-GWF <br><br> **ORDER** <br><br> **(Motion for Reconsideration - #17; Motion to Remand - #18; Motion for Judgment on the Pleadings - #20; Motion to Expunge Lis Pendens - #21; Motion for Decision or Hearing - #39)** |

Before the Court are Plaintiffs Amal Khouri and Leidalia Khouri's Motion for Reconsideration (ECF No. 17) and Motion to Remand (ECF No. 18), the Responses filed to each by JPMorgan Chase & Co. (ECF No. 19, 24) and the Joinders filed by Cal-Western Reconveyance, Corp, respectively. (ECF No. 26, 27).

Also, before the Court is Defendant JPMorgan Chase Bank & Company's ("Chase") Motion for Judgment on the Pleadings (ECF No. 20), Motion to Expunge Lis Pendens (ECF No. 21), and Motion for Decision or Hearing on the prior two motions (ECF No. 39). Plaintiffs did not file a Response to any of these motions.

## I.   BACKGROUND

This case arises from an alleged wrongful foreclosure. Plaintiff Leidalia R. Khouri purchased the property located at 9128 Landons Point Court, Las Vegas, Nevada 89148 on or about July 27, 2007 ("the Property"). Leidalia Khouri refinanced the original loan in September 2007. Leidalia Khouri conveyed the Property to her daughter, Plaintiff Amal

1  Khouri on or about July 30, 2008. She defaulted on her loan in January 2009. On February 29,
2  2012, a trustee's sale was conducted, and the Property was sold to the highest bidder.

3  On April 20, 2012, Plaintiffs filed the Complaint in the Eighth Judicial District Court in
4  Nevada alleging ten claims against Defendants including: (1) Fraud against CCSF; (2) Fraud
5  against Chase; (3) Failure to Comply with RESPA Rules;[1] (5) Failure to Comply with "Fair
6  Debt Collection Act;" (6) Fraudulent Assignment; (7) Notary Fraud; (8) For Cancellation of
7  Instrument; (9) Quiet Title; (10) Preliminary and Permanent Injunction; and (11) Breach of
8  Implied Covenant of Good Faith and Fair Dealing. (ECF No. 1.) On June 9, 2012, Defendant
9  Chase removed the case to this Court. (ECF No. 1.) On July 13, 2012, this Court denied
10 Plaintiffs' Motion for Preliminary Injunction. (ECF No. 7.) On September 18, 2012, this Court
11 dismissed all claims against Defendant Cal-Western Reconveyance Corporation with prejudice.
12 (ECF No. 38.) On October 15, 2012, this Court dismissed CCSF, LLC ("CCSF") and
13 Mortgage Electronic Registration Systems ("MERS") without prejudice for failure to timely
14 serve. (ECF No. 41.)

15 Plaintiffs now seek reconsideration of the July 13, 2012 denial of Motion for
16 Preliminary Injunction. (ECF No. 17.) Plaintiffs also seek remand of the case to state court
17 arguing that this Court lacks jurisdiction to hear the case. (ECF No. 18.) Defendant Chase
18 moves for judgment on the pleadings and expungement of the lis pendens. (ECF Nos. 20, 21.)

19 **II.     MOTION FOR RECONSIDERATION**

20 Plaintiffs request reconsideration of the Court's Order (ECF No. 7) of July 13, 2012
21 pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). However, Rule 59 only governs
22 motions requesting a new trial, as well as motions to alter or amend a judgment in certain cases
23 where a judgment has been granted. Fed. R. Civ. P. 59; *see School Dist. No. 1J v. ACandS, Inc.*,

---

[1] Plaintiffs skip the number "four" when numbering their causes of action resulting in a discrepancy in the numbering.

5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994).  Here, there has been no trial and no granting of judgment.  Therefore Rule 59 provides no basis for the Court to reconsider its Order denying a temporary injunction.

The only standard by which the Court might reconsider its Order in this case is provided in Federal Rule of Civil Procedure 60.  Rule 60, governing relief from a judgment or order, provides in part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d at 1263.

Plaintiffs argue that this Court should reconsider its July 13, 2012 Order denying Plaintiffs' "Motion to Establish an Injunction Prohibiting Default and Sale of Real Estate Property Under Notice of Default Under the Matter Can be Heard on the Merits" on the ground that the Court lacked jurisdiction. (ECF No. 17.)  Plaintiffs cite 28 U.S.C. § 2283, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in

a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." However, this statute is inapplicable here because no injunction was granted, and in removal cases the state court does not retain jurisdiction post-removal. Once a case is removed to federal court, the state court case does not proceed "unless and until the case is remanded." 28 U.S.C. § 1446(d). Therefore, Plaintiffs' argument is unpersuasive and the motion is denied.

### III. MOTION FOR REMAND

#### A. Legal Standard

A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. "Removal statutes are to be 'strictly construed' against removal jurisdiction." *Nevada v. Bank of America Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)). The party asserting federal jurisdiction bears the burden of overcoming the presumption against federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). However, "[t]he district court should deny a motion to remand to state court if the case was properly removed to federal court under 28 U.S.C. § 1441." *Carpenters S. Cal. Admin. Corp. v. Majestic Housing*, 743 F.2d 1341, 1343 (9th Cir. 1984).

"[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). The Ninth Circuit has "long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (per curiam). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the

State court." 28 U.S.C. § 1447(e).

District courts have jurisdiction in two instances. First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331. Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Here, Defendant Chase argues that this Court has jurisdiction because the requirements for diversity jurisdiction are met and because the Complaint includes causes of action that arise under federal law. The Court need not reach the issue of federal question jurisdiction because it finds that Defendant has carried its burden of establishing that there is complete diversity of citizenship among the parties.

**B.     Discussion**

Plaintiffs first argue that the Court lacks subject matter jurisdiction over this case because the complete diversity requirement is not met. Plaintiffs are correct in noting that there are Nevada residents on both sides of the action. Specifically, Plaintiffs are Nevada residents and named Defendant CCSF, LLC is also alleged to be a Nevada resident. However, Plaintiffs cannot overcome the allegation that CCSF, LLC is a fraudulently joined party and, as such, that the Court should ignore the presence of CCSF, LLC for the purpose of analyzing diversity of citizenship.

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *Id*. The presence of a fraudulently joined non-diverse

defendant is "ignored for purposes of determining diversity." *Morris*, 236 F.3d at 1067.

Here, Plaintiffs have failed to state a cause of action against CCSF, and the failure is obvious according to the settled rules of the state of Nevada. Even if CCSF had not already been dismissed,[2] CCSF's citizenship would still not factor into the diversity calculus. Plaintiffs' claims against CCSF obviously fail and, thus, CCSF is a fraudulently joined party. As a dissolved LLC that had been defunct for more than two years, CCSF was incapable under Nevada law of being sued at the time Plaintiffs filed their complaint. Nev. Rev. Stat. § 86.505 (suit against a dissolved LLC must be commenced within 2 years of dissolution). As a result, there is *no possibility* that the Plaintiffs will be able to establish a cause of action in state court against CCSF and, as such, CCSF is a fraudulently joined party. Accordingly, for the purposes of determining diversity jurisdiction, the Court ignores the presence of CCSF. By disregarding the citizenship of CCSF, the Court concludes that there is complete diversity among the parties to this action.

In an attempt to persuade the Court to remand the case to state court, Plaintiffs argue that, when proceeding *pro se*, they inadvertently sued CCSF, LLC as if they were the same entity as Greystone Financial Group. Plaintiffs explain that they now realize that CCSF and Greystone are actually two separate entities, both of which are Nevada entities. For this reason, Plaintiffs, as part of the motion to remand, are now seeking leave to amend their complaint to add Greystone as a party. Plaintiffs argue that, if Greystone were joined as a party, its presence would destroy diversity. However, Plaintiffs' have failed to comply with Rule 15-1(a) of the Local Rules of Practice for the United States District Court for the District of Nevada because they failed to attach the proposed amended complaint to any motion to amend the complaint. Furthermore, despite Plaintiffs' assertions that they "will shortly be filing their Motion for Leave to Amend their Complaint to properly name the Nevada Defendant," (Mot. to Remand

---

[2] The Court previously dismissed CCSF, LLC pursuant to Federal Rule of Civil Procedure 4(m) because Plaintiffs failed to serve the complaint on CCSF. (*See* ECF No. 41.)

5:12-13, ECF No. 18, filed July 30, 2012), Plaintiffs have failed to file such a motion and have also failed to file a proposed amended complaint.  Therefore, the Court *cannot* exercise its discretion to allow Plaintiffs to join Greystone, a non-diverse Defendant, because the matter is not yet properly before the Court.

Therefore, the Court finds that because CCSF is a fraudulently joined party and because Plaintiff's motion to amend and join a Nevada defendant (Greystone) as a party is not properly before the court, the parties to this action are completely diverse.  For these reasons, the Court finds that federal jurisdiction is proper.

## IV. <u>JUDGMENT ON THE PLEADINGS</u>

### A. Plaintiffs' Failure to Comply with Local Rule 7-2(d)

Rule 7-2(d) of the Local Rules of Practice for the United States District Court for the District of Nevada provides that a party's failure to file points and authorities in opposition to a motion constitutes consent to that motion being granted. D. Nev. R. 7-2(d).

Here, Defendant Chase filed the instant motion on July 31, 2012. (ECF No. 20.) However, Plaintiffs failed to file an opposition to the motion.  Consequently, dismissal is proper under Local Rule 7-2(d).  However, Plaintiffs were proceeding *pro se* at the outset of this litigation and Plaintiffs' Motion to Remand (ECF No. 18) was pending prior to Defendant's filing the instant motion seeking judgment on the pleadings and expungement of the lis pendens (ECF No. 20).  For these reasons, the Court finds good cause to reach the merits of Defendant's motion, rather than dispose of the motion on the basis of Local Rule 7-2(d).

### B. Legal Standard

A party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving

party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and punctuation omitted).

Here, Defendant Chase filed its Answer (ECF No. 10) on July 16, 2012. Plaintiffs are currently represented by counsel but were *pro se* at the time they filed the Complaint. Accordingly, the Court will view Plaintiffs' pleadings with the appropriate degree of leniency and gives leave to amend those claims that have not been deemed incurable. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants").

**C.  Discussion**

After reviewing Chase's Motion and the record in this case, the Court finds that there is no genuine issue of fact for trial and therefore, Chase has shown that it is entitled to judgment as a matter of law. However, because the Court finds that Plaintiffs may be able to cure several claims, Plaintiffs are granted leave to amend with respect to counts two, six, and seven. In addition, the Court grants leave to amend Count 11, but only as to Plaintiff Leidalia Khouri.

*1.  Fraud (Count 1)*

Plaintiffs assert their Fraud claim against only CCSF. (Compl. ¶ 54, ECF No. 1-2.) Because CCSF has been dismissed as a party, Count 1 against CCSF has therefore also been dismissed. Furthermore, as discussed above, CCSF is incapable of being sued. Defendant's request for judgment as a matter of law on this cause of action is moot.

*2.  Other Fraud Claims (Counts 2, 6, and 7)*

To state a claim for fraud or intentional misrepresentation, a plaintiff must allege three elements: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). A claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b).

A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.*

Here, Plaintiffs' complaint lacks the specific facts of the alleged fraud. Accordingly, this claim must be dismissed. The Court also notes that paragraphs ninety-two through ninety-four rely on legal theories that this Court and the Ninth Circuit have expressly rejected, namely "split the note," "show me the note," "extinguished note," and "sham beneficiary" theories. *See, e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011) (split the note); *Ernestberg v. Mortg. Investors Grp.*, No. 2:08-cv-01304-RCJ-RJJ, 2009 WL 160241, *4–*5 (D. Nev. Jan. 22, 2009) (show me the note); *Dyson Fourness v. Mortg. Elec. Registration Sys., Inc.*, No. 3:10-cv-40-ECR-RAM, 2010 WL 5071049 (D. Nev. Dec. 6, 2010) (extinguish the note); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043–1044, 1047 (9th Cir. 2011) (sham beneficiary).

However, the Court cannot conclude that these claims are "incurable." *See Eldridge*, 832 F.2d at 1137. Given that the complaint was filed when Plaintiffs were proceeding *pro se*, the Court grants leave to amend Counts 2, 6 and 7 by filing an amended complaint within fourteen (14) days of the date of this order.

### 3. Failure to Comply with RESPA Rules (Count 3)

The third cause of action in Plaintiffs' complaint appears to allege a violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605 and 2607. However, these claims are subject to a three-year and a one-year statute of limitations, respectively. 12 U.S.C. § 2614; *see, e.g.*, *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1195 (E.D. Cal.

2010). These limitations periods began running on the date on which the loan transaction was signed. 12 U.S.C. § 2614; *see, e.g.*, *Jensen*, 702 F. Supp. 2d at 1195 and expired well before the complaint was filed. Specifically, the subject loan was signed in 2007 (Compl. ¶ 7, ECF No. 1-2.) and this action was filed in state court on April 20, 2012, nearly five years after the subject loan was signed. (Compl., ECF No. 1-2.) Because this claim is time-barred, it fails as a matter of law and is incurable by amendment. Therefore, Chase is entitled to judgment as a matter of law on Count 3 of Plaintiffs' Complaint.

    4.    *Failure to Comply with "Fair Debt Collection Act" (Count 5)*

"Foreclosure does not constitute debt collection under the Fair Debt Collection Practices Act ('FDCPA')."[3] *Smith v. Cmty. Lending, Inc.*, 773 F.Supp.2d 941, 944 (D. Nev. 2011). "Although the Ninth Circuit has not ruled on the question, the district courts of this Circuit have held that the foreclosure of a mortgage in and of itself does not constitute debt collection as contemplated by the FDCPA." *Id.*; *see also Mansour v. Cal–Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (9th Cir. 2009).

Because the claims fail as a matter of law, it is absolutely clear that the deficiencies cannot be cured by amendment. Thus, Chase is entitled to judgment as a matter of law on Plaintiffs' cause of action alleging a failure to comply with the Fair Debt Collection Act.

    5.    *"For Cancellation of Instrument" (Count 8) and*

        *Injunctive Relief (Count 10)*

Plaintiffs' eighth cause of action seeking cancellation of the notice of default is not recognized as a cause of action in Nevada. Cancellation of the notice of default is a remedy, not a claim. Likewise, Plaintiffs' tenth cause of action, seeking a preliminary injunction and a

---

[3] Based on Plaintiffs' allegations, it is unclear whether Plaintiffs' fifth claim pursuant to the "Fair Debt Collection Act" claim arises under the federal FDCPA or corresponding state law, NRS § 649.730. Regardless, the claim fails as a matter of law under both federal and state law.

permanent injunction, is not recognized as a cause of action in Nevada. Injunctive relief is merely a remedy. Accordingly, Chase is entitled to judgment as a matter of law on Count 10.

      6.     *Quiet Title (Count 9)*

In Nevada, a quiet title action may be brought "by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996). "Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." *Lalwani v. Wells Fargo Bank, N.A.*, No. 2:11-cv-00084-KJD-PAL, 2011 WL 4574338, at *3 (D. Nev. Sept. 30, 2011).

In this case, Plaintiffs have failed to allege that they are not in breach of the loan agreement. In fact, Plaintiffs allege that they "stopped making payments" and consequently were in breach of the loan agreement. (ECF No. 1-2 at ¶ 19). Plaintiffs cannot allege facts consistent with the complaint to establish that Plaintiffs have paid the debt owed on the property. Thus, because it is absolutely clear that the deficiencies cannot be cured by amendment, Defendant is entitled to judgment as a matter of law on Plaintiffs' ninth cause of action.

      7.     *Breach of Implied Covenant of Good Faith and Fair Dealing (Count 11)*

To state a claim of breach of the covenant of good faith and fair dealing, Plaintiffs must allege: (1) Plaintiffs and Defendants were parties to an agreement; (2) Defendants owed a duty of good faith to Plaintiffs; (3) Defendants breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) Plaintiffs' justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995). In Nevada, an implied covenant of good faith and fair dealing exists in every contract, *Consol. Generator–Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998), and a plaintiff may assert a claim

for its breach if the defendant deliberately contravenes the intention and spirit of the agreement, *Morris v. Bank Am. Nev.*, 886 P.2d 454 (Nev. 1994).

In this case, the eleventh claim fails as to Plaintiff Amal Khouri because she was not in privity with any defendant and was not a party to the Note, Loan, or Deed of Trust. Therefore, as to Plaintiff Amal Khouri, count 11 is dismissed with prejudice and Chase is entitled to judgment on the pleadings..

However, as to Plaintiff Leidalia Khouri, the claim is merely improperly plead. It is wholly conclusory and fails to allege any facts supporting a breach of duty or that any of Plaintiff Leidalia Khouri's justified expectations were denied. Nevertheless, given that the complaint was filed when Plaintiff Leidalia Khouri was proceeding *pro se*, the Court grants leave to amend this cause of action, but only as to Plaintiff Leidalia Khouri. The claim is not pled properly but the deficiencies could be cured by amendment, therefore, judgment on the pleadings is denied with respect to Plaintiff Leidalia Khouri's eleventh claim.

## V.　CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (ECF No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant JPMorgan Chase Bank & Company's Motion for Judgment on the Pleadings (ECF No. 20) is **GRANTED in part and DENIED in part.**

- Judgment on the pleadings is **DENIED as to Count 1**, because it is moot.
- Judgment on the pleadings is **GRANTED as to Counts 3, 5, 8, 9, and 10**. It is **also GRANTED on Count 11,** but only as it relates to Plaintiff Amal Khouri.
- Judgment on the pleadings is **GRANTED with leave to amend as to Counts 2, 6, and 7**. It is **GRANTED with leave to amend on Count 11,** but only as it relates to Plaintiff Leidalia Khouri.

**IT IS FURTHER ORDERED** that Plaintiffs shall file the Amended Complaint within **fourteen (14) days of the date of this Order**. Failure to file an amended complaint by that date will result in dismissal of this lawsuit.

**IT IS FURTHER ORDERED** that Defendant JPMorgan Chase Bank & Company's Motion to Expunge Lis Pendens (ECF No. 21) is **DENIED** with leave to refile if no timely amended complaint is filed.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Reconsideration (ECF No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant JPMorgan Chase Bank & Company's Motion for Decision or Hearing on the prior two motions (ECF No. 39) is **DENIED** as the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Nevada do not recognize such a motion.

**DATED** this 15th day of January, 2013.

_____
Gloria M. Navarro
United States District Judge